IN THE COURT OF COMMON PLEAS
OF LAWRENCE COUNTY, PENNSYLVANIA

JACKSON TRAILS LTD.,                           :
                                               :
          Plaintiff,                           :
                                               :
     v.                                        :          No. 10128 of 2019, C.A.
                                               :
NORTH BEAVER TOWNSHIP,                          :
LAWRENCE COUNTY, PENNSYLVANIA,                  :
                                               :
          Defendant.                           :

**TYPE OF PLEADING OR FILING:**
**Complaint in Civil Action**

**FILED ON BEHALF OF:**
**Plaintiff**

**COUNSEL OF RECORD**
**FOR THIS PARTY:**

James W. Manolis
Pa. I.D. No. 46810
William J. Manolis
Pa. I.D. No. 315856
VERTERANO & MANOLIS
2622 Wilmington Road
New Castle, Pennsylvania 16105
724-652-0300

I certify that this filing complies with the
provisions of the *Public Access Policy of
the Unified Judicial System of
Pennsylvania* that require filing
confidential information and documents
differently than non-confidential
information and documents.

By: _____
      James W. Manolis
      Attorney for Plaintiff

VERTERANO & MANOLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
CASTLE, Pa 16105-1530

(724) 652-0300
TELEFAX
(724) 654-1131





EXHIBIT
B

IN THE COURT OF COMMON PLEAS
OF LAWRENCE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| JACKSON TRAILS LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 10128 of 2019, C.A. |
| | : | |
| NORTH BEAVER TOWNSHIP, | : | |
| LAWRENCE COUNTY, PENNSYLVANIA, | : | |
| | : | |
| Defendant. | : | |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Office of Lawyer Referral**
**Lawrence County Government Center**
**430 Court Street**
**New Castle, PA 16101**
**Telephone: (724) 656-1921**

CRISBANO & MANOLIS
ATTORNEYS AT LAW
2672 WILMINGTON ROAD
CASTLE, PA 16105-1030
(724) 652-0300
TELEFAX
(724) 654-1121

IN THE COURT OF COMMON PLEAS
OF LAWRENCE COUNTY, PENNSYLVANIA

JACKSON TRAILS LTD.,                           :
                                               :
    Plaintiff,                             :
                                               :
v.                                             :        No. 10128 of 2019, C.A.
                                               :
NORTH BEAVER TOWNSHIP,                         :
LAWRENCE COUNTY, PENNSYLVANIA,                 :
                                               :
    Defendant.                             :

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Jackson Trails Ltd., by and through its attorneys, VERTERANO & MANOLIS by James W. Manolis and William J. Manolis, and files this Complaint in Civil Action against the Defendant, North Beaver Township, Lawrence County, Pennsylvania, and in support thereof sets forth the following:

1.    The Plaintiff, Jackson Trails Ltd., is a Pennsylvania limited partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania and has a mailing address of 5117 Erie Street, New Castle, Lawrence County, Pennsylvania 16102 ("Jackson Trails").

2.    The Defendant, North Beaver Township, Lawrence County, Pennsylvania, is a body corporate and politic, organized and existing under the laws of the Commonwealth of Pennsylvania, and a municipal corporation with a mailing address of 861 Mt. Jackson Road, New Castle, Lawrence County, Pennsylvania 16102 ("Township").

3.    Michael Romano a/k/a Michael A. Romano is an adult individual with a mailing address of 409 Smalls Ferry Road, New Castle, Lawrence County, 16102 ("Romano").

4.    Ozzie, LLC, is a Pennsylvania limited liability company organized and existing

VERTERANO & MANOLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
CASTLE, PA 16105-1800
(724) 654-0300
TELEFAX
(724) 654-1121

3

under the laws of the Commonwealth of Pennsylvania and has a registered address of 267 Halltown Road, Wampum, Lawrence County, Pennsylvania 16157 ("Ozzie").

5.     On February 25, 2002, by virtue of a general warranty deed dated the same, Romano became the owner of a certain parcel of real estate bearing Lawrence County Parcel I.D. No. 26-111401 located in North Beaver Township, Lawrence County, Pennsylvania ("Romano Property").

6.     Romano sought to develop approximately 51.806 acres of the Romano Property into a residential subdivision known as "Southbreeze" ("Southbreeze Development"), comprised of approximately 50 Lots, as depicted on the Final Plan for Michael Romano recorded on May 19, 2004 in the Office of the Recorder of Deeds in and for Lawrence County at Plan Book Volume 25, Page 140-141 ("Romano Plan").

7.     The Romano Plan was presented and ultimately approved by the Township on April 28, 2004.

8.     On July 16, 2004, by virtue of a general warranty deed dated the same, Ozzie became the owner of the Romano Property and continued development of the Southbreeze Development.

9.     On June 6, 2006, by virtue of a general warranty deed dated the same, Jackson Trails became the owner of a certain parcel of real estate bearing Lawrence County Parcel I.D. No. 26-104500 located in North Beaver Township, Lawrence County, Pennsylvania ("Jackson Trails Property").

10.     Jackson Trails sought to develop approximately 14.57 acres of the Jackson Trails Property into a residential subdivision known as "The Trails at Mt. Jackson" ("Jackson Trails Development"), comprised of 17 Lots, as depicted on the Final Plan for Phase One of The Trails

ERTERANC & MANOLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
CASTLE, PA 16105-1530
(724) 652-0300
TELEFAX
(724) 654-1131

4

at Mt. Jackson recorded on November 27, 2006 in the Office of the Recorder of Deeds in and for Lawrence County as Document No. 2006-013940 ("Jackson Trails Plan").

11.     The Jackson Trails Plan was presented to and ultimately approved by the Township on November 23, 2006.

12.     The Jackson Trails Development and Southbreeze Development are approximately 2.5 miles apart.

13.     The Jackson Trails Development and Southbreeze Development are residential land developments divided into lots for sale to the general public.

14.     The Jackson Trails Development and Southbreeze Development contain improvements, including but not limited to streets, intended to be opened and/or dedicated for public use or travel, or for the common use of persons owning lots therein.

15.     At all times relevant hereto, Ordinance 2012-3-5-1, also known as the North Beaver Township Subdivision and Land Development Ordinance, as amended, ("SALDO") was in effect, empowering the Township to regulate subdivisions and land developments within the Township. SALDO, § 103.

16.     Pursuant to the SALDO, "[n]o subdivision or land development of any lot, tract or parcel of land shall be made . . . no street . . . or other required improvement shall be laid out, constructed, opened or dedicated for public use or travel, or for the common use of occupants of buildings abutting thereon, except in accordance with the provisions of th[e SALDO]." SALDO, § 107.1.

17.     "Developer" is defined as "[a]ny landowner, agent of such landowner or tenant with the permission of such landowner, who makes or causes to be made a subdivision of land or a land development." SALDO, § 202.

PERTERANO & MANOLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
N CASTLE, PA 16105-1530
(724) 652-0300
TELEFAX
(724) 654-113)

5

18.     "Land Development" is defined as "[a]ny of the following activities:

    A.     The improvement of one (1) or two (2) or more contiguous lots, tracts or parcels of land for any purpose involving:

        1.     A group or two (2) or more residential . . . buildings, whether proposed initially or cumulatively, . . . regardless of the number of occupants or tenure; or

        2.     The division or allocation of land or space, whether initially or cumulatively, between or among two (2) or more existing or prospective occupants by means of, or for the purpose of, streets, common areas, leaseholds, condominiums, building groups or other features;

    B.     A subdivision of land . . . ." Id.

19.     "Lot" is "[a] designated parcel, tract or area of land established by a plat or otherwise as permitted by law and to be used, developed or built upon as a unit." Id.

20.     "Street" includes a "street, avenue, boulevard, road, highway, freeway, parkway, lane, alley, viaduct and any other ways or strips of land used or intended to be used by vehicular traffic or pedestrians whether public or private, and including the entire right-of-way." Id.

21.     "Subdivision" is defined as "[t]he division or re-division or a lot, tract, or parcel of land by any means into two (2) or more lots, tracts, parcels or other division of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, . . . transfer of ownership or building or lot development . . . ." Id.

22.     Jackson Trails, Romano and Ozzie are Developers, as defined by the SALDO.

23.     The Jackson Trails Plan and Romano Plan are Subdivisions, as defined by the SALDO.

24.     The activities of Jackson Trails and Romano and Ozzie in improving the Jackson Trail Property and Romano Property, and implementation of the Jackson Trails Plan and Romano Plan in the form of developing the Jackson Trails Development and Southbreeze

FENTERHAND & MANOLIS
ATTORNEYS AT LAW
2662 WILMINGTON ROAD
V CASTLE, PA 16105-1030
(724) 652 0300
TELEFAX
(724) 654-1131

6

Development, respectively, constitutes Land Development, as defined by the SALDO.

25.    During the development of the Jackson Trails Development, the Township, through enforcement of its SALDO or otherwise, imposed upon Jackson Trails conditions and design standards relative to the construction of the streets throughout the Jackson Trail Development, including but not limited to, the type and amount of aggregate utilized in constructing the base of the streets, the type and amount of asphalt utilized in constructing the paved courses of the streets, and the construction of curbing along the edges of the streets. SALDO, §§ 502.1, 502.5(B), 701.1-701.4, 702.1, 902 et seq., 903.1(A)-(D), 1004, et seq.

26.    In addition, Jackson Trails was required to employ Township engineers for the purpose of inspecting and approving each stage of the design and construction of the streets within the Jackson Trails Development.  SALDO, §§ 502.1-502.4

27.    At or about the same time, the streets within Southbreeze Development were under construction, however, the provisions SALDO were not enforced against either Romano or Ozzie, nor were they subjected to the same conditions, design standards and oversight placed upon Jackson Trails by the Township.

28.    It is believed and therefore averred that the Township permitted Southbreeze Development streets to, among other things, remain as a stone base for several years, permitted the installation of the stone base and asphalt courses without being subject to the inspection and approval by Township engineers, and did not require the installation of curbing along Southbreeze Development streets, without regard for or enforcement of the Township's SALDO.

29.    Furthermore, the Township permitted those who purchased lots from Ozzie in the Southbreeze Development to obtain building permits and construct homes on the lots without the streets and other improvements having first been constructed in accordance with

VERTERANO & MANDLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
W CASTLE, PA 16105-1530
(724) 652-0300
TELEFAX
(724) 654-1131

7

the SALDO, while not permitting Jackson Trails to do the same with respect to the Jackson Trails Development.

30.     Furthermore, the Township permitted those who purchased lots from Ozzie in the Southbreeze Development to obtain building permits and construct homes on the lots without the streets and other improvements having first been properly dedicated for public use and ordained by the Township, while not permitting Jackson Trails to do the same with respect to the Jackson Trails Development.

31.     The Township accepted the streets in the Southbreeze Development for public use and ordained the streets without the streets and other improvements having first been constructed in accordance with the SALDO, while not permitting Jackson Trails to do the same with respect to the Jackson Trails Development.

32.     At all times relevant hereto, Section 1 of the Fourteenth Amendment of the United States Constitution was in full force and effect and provides in pertinent part that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

33.     At all times relevant hereto, Section 1983 of Title 42 of the United States Code, known as the Civil Rights Act of 1871, as amended, was in full force and effect and provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983.

34.     The SALDO provides that "[a]dequate streets, . . . and other improvements are

ERTEBANO & MANOLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
v CASTLE, PA 16105-1500
(724) 652-0300
TELEFAX
(724) 654-1131

8

essential elements in the creation and preservation of stable residential . . . areas, and must be completed by the applicant/developer." SALDO, § 701.1.

35.     Further, it provides that "[a]ll the requirements in th[e SALDO] concerning street paving, curbing, and sidewalks shall be followed." SALDO, § 701.4.

36.     At all relevant times hereto, the Township, by and through its duly authorized employees, agents, officials, representatives and appointees, acted under the color of state law.

37.     The Township did not enforce the SALDO against Romano and/or Ozzie relative to the development of the Southbreeze Development.

38.     The Township's failure to enforce the relevant provisions of its SALDO against Romano and/or Ozzie violated the constitutional rights of Jackson Trails to equal protection of the law.

39.     The Township intentionally treated Jackson Trails differently in its development of the Jackson Trails Development compared to its treatment of Romano and Ozzie in their development of the Romano Development.

40.     Jackson Trails and Romano and Ozzie are alike in all relevant respects and similarly situated parties.

41.     There is no rational basis for the Township's disparate treatment of Jackson Trails and Romano and Ozzie, which was wholly irrational and arbitrary.

42.     The Township's selective enforcement of the SALDO afforded Romano and/or Ozzie an unfair economic advantage in that they were not compelled to expend the monies necessary to comply with the SALDO during the construction and improvement of the Southbreeze Development.

43.     As a result, Romano and/or Ozzie could, among other things, offer for sale the

PERTERANO & MANOLIS
ATTORNEYS AT LAW
2622 WILMINGTON ROAD
v CASTLE, PA 16105-1530
(724) 652-0300
TELEFAX
(724) 654-1131

9

lots in the Southbreeze Development for less than the cost of lots in the Jackson Trails Development.

44.     The Township's actions and/or inactions were malicious, in bad faith, and intended to injure Jackson Trails, or were otherwise arbitrary and capricious.

45.     As the result of the actions and inactions of the Township as set forth herein, the lots owned by Jackson Trails in the Jackson Trails Development have not sold as those in the Southbreeze Development have.

46.     As the result of the actions and inactions of the Township as set forth herein, Jackson Trails has lost the ability to fairly engage with Ozzie in the sale of lots in the parties' respective developments.

47.     As the result of the actions and inactions of the Township as set forth herein, Jackson Trails has suffered damages including but not limited to lost profits, additional expenses and cost to market its lots, and additional expenses and costs for upkeep and maintenance of its development.

48.     Furthermore, Jackson Trails has and will incur substantial attorneys' fees and costs in these proceedings for the purpose of enforcing its rights as alleged in these proceedings.

WHEREFORE, the Plaintiff, Jackson Trails Ltd., respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, North Beaver Township, Lawrence County, Pennsylvania, in an amount in excess of $25,000.00, plus costs, attorney's fees and all other remedies and relief available to Plaintiff under the laws applicable to this case.

PERTERANO & MANOLIS
ATTORNEYS AT LAW
2822 WILMINGTON ROAD
.. CASTLE, PA 16105-1500
(724) 652-0300
TELEFAX
(724) 654-1131

10

Respectfully submitted,

VERTERANO & MANOLIS

By: _____
James W. Manolis
Attorney for Plaintiff
Pa. I.D. No. 46810
2622 Wilmington Road
New Castle, Pennsylvania 16105
724-652-0300

## VERIFICATION

I verify that the statements made in the foregoing Complaint are true and correct based upon my personal knowledge, information and belief. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

JACKSON TRAILS LTD.,
by its sole General Partner,
GREEN ACRES DEVELOPMENT CO., INC.

Dated: _____1/26/2022_____          BY: _____
                                            Timothy J. Kissling, President

JETERBAND & MARGOLIS
Attorneys at Law
1622 WILMINGTON ROAD
CASTLE, PA 16106-1608
(724) 652-2400
TELEFAX
(724) 654-1131

12