IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKSON TRAILS, LTD.,<br><br>                *Plaintiff,*<br><br>     v.<br><br>NORTH BEAVER TOWNSHIP,<br>LAWRENCE COUNTY, PENNSYLVANIA,<br><br>                *Defendant.* | Civil Action No. 2:22-cv-294<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

This case was removed to this Court from the Court of Common Pleas of Lawrence County, Pennsylvania by Defendant, North Beaver Township, Lawrence County, Pennsylvania ("Township"). (ECF No. 1). Plaintiff, Jackson Trails Ltd. ("Jackson Trails"), brings a 42 U.S.C. § 1983 claim for deprivation of rights. (ECF No. 6). The Township filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(B)(6) (ECF No. 7). For the following reasons, the Court will deny the motion.

### I. Relevant Facts

Ordinance 1991-8-12-2, also known as the Subdivision and Land Development Ordinance of the Township of North Beaver, Lawrence County, Pennsylvania ("SALDO"), empowers the Township to regulate subdivisions and land developments. (ECF No. 6, ¶ 15). On June 6, 2006, Jackson Trails became the owner of a parcel of real estate (Lawrence County Parcel I.D. No. 26-104500) ("Jackson Trails Property") located in North Beaver Township, Lawrence County, Pennsylvania. It then sought to develop approximately 14.57 acres of the

1

property into a residential subdivision, "The Trails at Mt. Jackson" ("Jackson Trails Development"), comprised of 17 Lots. The Final Plan for Phase One ("Jackson Trails Plan") was recorded on November 27, 2006, with the Office of the Recorder of Deeds for Lawrence County. The Jackson Trails Plan was approved by the Township on November 23, 2006. (ECF No. 6, ¶¶ 9-11).

The Township imposed design and improvement standards and conditions relative to the construction of the streets in the Jackson Trails Development, including, but not limited to, the type and amount of aggregate utilized in constructing the base of the streets, the type and amount of asphalt utilized in constructing the paved courses of the streets, and the construction of curbing along the edges of the streets. Jackson Trails was required to employ Township engineers for the purpose of inspecting and approving each stage of the design and construction of the streets. (*Id.* ¶¶ 30-31).

Michael Romano ("Romano") became the owner of another parcel of real estate (Lawrence County Parcel I.D. No. 26-111401) ("Romano Property") in North Beaver Township, and he sought to develop 51.806 acres of it into a residential subdivision, "Southbreeze" ("Southbreeze Development"), comprised of 50 Lots. The Romano Plan was recorded on May 19, 2004, with the Office of the Recorder of Deeds for Lawrence County. It was approved by the Township on April 28, 2004. Then, on July 16, 2004, Ozzie, LLC ("Ozzie") became the owner of the Romano Property and continued development of the Southbreeze Development. (*Id.* ¶¶ 5-8).

The Southbreeze Development is approximately 2.5 miles from the Jackson Trails Development. Both are residential land developments divided into lots for sale to the general public – i.e., subdivisions. (*Id.* ¶¶ 12-13, 22). They both contain improvements, including but

not limited to, streets "intended to be opened and/or dedicated for public use or travel, or for the common use of persons owning lots therein." (*Id.* ¶ 14). SALDO requires that the construction of a street, "opened or dedicated for public use or travel, or for the common use of occupants of buildings abutting thereon," comply with the design, improvement standards, and conditions of acceptance as set forth in Articles XII, IX and X. (*Id.* ¶¶ 15-16, 27-28). Street classifications include "local" and "private." (*Id.* ¶ 21). "Streets" were proposed in both the Jackson Trails Development and the Southbreeze Development. (*Id.* ¶ 25).

Jackson Trails alleges that the improvement standards and conditions of the SALDO were not enforced against Ozzie during its development of the Southbreeze Development, and it was not "subjected to the same design and improvement standards, conditions and oversight placed upon Jackson Trails by the Township." (*Id.* ¶ 31). More specifically, it avers that the Township permitted the Southbreeze Development streets to remain as stone base for several years, and that the installation of the stone base and asphalt courses were not subject to inspection and approval by Township engineers. Further, the Township did not require the installation of curbing along Southbreeze Development streets. Also, the streets are private, and if they were ordained as such by the Township, Jackson Trails alleges it was contrary to the SALDO. Jackson Trails also takes issue with the Township permitting "seven or more persons" with lots in the Southbreeze Development to obtain building permits and construct homes without streets and other improvements having been "properly dedicated for public use." (*Id.* ¶¶ 33-37). It asserts that Township officials were advised by Township solicitors on more than one occasion that the provisions of the SALDO relating to streets in the Southbreeze Development were required to be enforced, but the Township refused to enforce the SALDO against Ozzie. (*Id.* ¶ 52). And, against legal advice, the Township released a performance bond provided on

behalf of Romano and/or Ozzie as a condition of ensuring that the streets, curbing and other street related improvements in the Southbreeze Development met the requirements of the SALDO. (*Id.* ¶ 53).

Because of the Township selectively enforcing the SALDO against it and the money it had to spend complying with SALDO, Jackson Trails alleges that it had to sell its lots for more than those in the Southbreeze Development. (*Id.* ¶¶ 49-50). As a result, the lots in the Jackson Trails Development have not sold as well as those in the Southbreeze Development. (*Id.* ¶ 54).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

4

allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III. ANALYSIS

Jackson Trails alleges a Fourteenth Amendment equal protection claim against the Township for selectively, or unequally, enforcing local development rules against it during the development of its subdivision. Its equal protection claim is brought under 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

The Fourteenth Amendment prohibits a state actor from depriving "any person within its jurisdiction from equal protection of the laws." U.S. Const. Amend. XIV. Hence, the equal protection clause requires all persons "similarly situated" to be treated alike by state actors. *See*

5

*City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Traditionally, "[i]n order to establish a *prima facie* case of discrimination under the Equal Protection Clause, [plaintiffs] need[ ] to prove that they were members of a protected class [such as race or gender] and that they received different treatment than that received by similarly-situated individuals." *See Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002). However, where a plaintiff, like Jackson Trails, alleges that it alone "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," it may raise a "class-of-one" equal protection claim. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008).

A class-of-one claim that does not involve discrimination based on a protected characteristic has three elements: (1) differential treatment from those similarly situated; (2) done intentionally; and (3) without rational basis for the difference. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). District courts within the Third Circuit apply a "relaxed" pleading requirement to class-of-one theory cases, which "negates the need for specificity." *Klein v. Donatucci*, 861 F. App'x 503, 507 (3d Cir. 2021) (quoting *Phillips*, 515 F.3d at 244). "Irrational and wholly arbitrary" demands on a property that differ from demands on similarly situated properties can be sufficient to plead a claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000). Nonetheless, this standard for an equal protection claim is "difficult" to meet in a zoning dispute. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004).

Jackson Trails must first plead facts regarding details that would indicate it is similarly situated with others who have been treated differently. *See Joey's Auto Repair & Body Shop v. Fayette Cty.*, 785 F. App'x 46, 49 (3d Cir. 2019) (affirming dismissal of an equal protection

6

claim where a plaintiff identifies one other business that could be considered similarly situated but does not provide any further details that would show that the business is a similarly situated entity with specific examples of how they are alike in all relevant aspects). "[S]imilarly situated does not mean identically situated." *Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020) (citations and internal quotation marks omitted). Rather, entities "are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Whether entities are similarly situated is a "'case-by-case fact-intensive inquiry.'" *McLaughlin v. Forty Fort Borough*, 64 F. Supp.3d 631, 648 (M.D. Pa. 2014) (quoting *Suber v. Guinta*, 902 F. Supp.2d 591, 607 (E.D. Pa. 2012)). Where differences between a plaintiff and others are significant, courts do not find that the other entity is similarly situated with the plaintiff. *See, e.g., Startzell*, 533 F.3d at 203; S. *Allegheny Pittsburgh Rest. Enterprises, LLC v. City of Pittsburgh*, 806 F. App'x 134, 143 (3d Cir. 2020) (affirming the district court's dismissal of a plaintiff's violation of equal protection claim where the plaintiff could not show other identified businesses were similarly situated with the plaintiff); *Parker Ave., L.P. v. The City of Philadelphia*, 660 F. App'x 156, 158–59 (3d Cir. 2016) (same); *Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 394 (3d Cir. 2010) (affirming summary judgment where plaintiff failed to show that it was similarly situated with other entities). In cases involving zoning or land-use disputes, courts consider "the similarity of the properties being compared, including their physical characteristics and their 'similarities in the eyes of a defendant.'" *Jeffers v. City of Wash.*, No. 14-1361, 2015 WL 4232662, at *3 (W.D. Pa. July 13, 2015) (quotations omitted).

At this early stage, the Court finds that Jackson Trails has pled enough facts to establish that it is similarly situated to Ozzie, another developer. Both developers were approved to

construct residential developments divided into lots for sale to the general public. The Jackson Trails Development and the Southbreeze Development are located 2.5 miles apart in the Township, and both contain improvements, like streets, for public use or travel, or for the common use of homeowners. The SALDO was equally applicable to both developments. In the Court's view, the facts set forth in the Amended Complaint are adequate to sustain the first prong of Jackson Trails' equal protection claim. It has made plausible allegations that it is alike it in all relevant aspects to another developer engaged in subdivision construction in the Township.

To prevail on its class-of-one equal protection claim, Jackson Trails must prove not only that it was treated differently than similarly situated entities, but it must also show that there is no rational basis for the dissimilar treatment. Jackson Trails alleges that it was required to adhere to the SALDO during the development of Jackson Trails Development, including, for instance, the type and amount of aggregate utilized in constructing the base of the streets, the type and amount of asphalt utilized in constructing the paved courses of the streets, and the construction of curbing along the edges of the streets. It was required to employ Township engineers for the purpose of inspecting and approving each stage of the design and construction in the Jackson Trails Development. (ECF No. 6, ¶¶ 30-31). Ozzie, which was developing the Southbreeze Development, was allegedly engaging in the exact same construction activities, but it was not required by the Township to adhere to the SALDO. Jackson Trails alleges that the improvement standards and conditions of the SALDO were not enforced against Ozzie and the Southbreeze Development, and it was not "subjected to the same design and improvement standards, conditions and oversight placed upon Jackson Trails by the Township." (*Id.* ¶ 31). It contends that the Township permitted the Southbreeze Development streets to remain as stone base for several years, and that the installation of the stone base and asphalt courses was not subject to

8

inspection and approval by Township engineers. Further, the Township did not require the installation of curbing along Southbreeze Development Streets. Also, the streets are private, and if they were ordained as such by the Township, Jackson Trails alleges it was contrary to the SALDO. The Township is alleged to have permitted some of these things to occur in the Southbreeze Development against the advice of its legal counsel.

Jackson Trails' allegations, at a minimum, raise a question regarding whether the Township applied the SALDO in a discriminatory or different fashion to its development. It has sufficiently alleged specific instances of disparate treatment regarding construction in its subdivision. The facts alleged in the Amended Complaint, which must be accepted as true at this point, are sufficient to sustain Jackson Trails' equal protection claim against the Township. Whether the Township had a rational basis for its alleged different treatment is an issue of fact that cannot be resolved at the motion to dismiss stage.

For these reasons, the Township's motion will be denied.

### IV. Conclusion

The Court will permit Jackson Trails to proceed through discovery on its claim. The motion to dismiss will be denied.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated: 6/23/22